JOEL J. PERRIN v. A. B. CONNEL et al.

Chancery Decree — Charges in Bill — Insufficient Proof — Suggestions of Collusion in Admitted Facts.

Where charges of fraud in a bill in chancery are not sufficiently met by complainant's proof, but the admitted facts are strongly suggestive of collusion, the decree dismissing the bill will be reversed and a decree entered here dismissing the bill without prejudice to complainant's right.[1]

Appellant, Joel J. Perrin, filed this bill in the Chancery Court of Clay county against A. B. Connel, James M. Prewett and his wife, Sarah A. Prewett, in which he charges that Horace J. Perrin, in January, 1878, loaned to James M. Prewett $1,200, and to secure it said James M. Prewett and his wife, Sarah A. Prewett, executed a deed of trust on certain lands,

---

1

When the proceedings under which the complainant claims title, as they appear in the record, are invalid, but their validity was not directly attacked in the court below, if there be a probability that the invalidity arises from a defect in the record as made up in this court, and that it can be remedied, this court will dismiss the bill without prejudice. Bias v. Nance, 32 Miss. 198.

And so where a demurrer is sustained to a bill, upon the ground that it is not technically and formally drawn, and the complainant does not apply for leave to amend, the decree should dismiss the bill without prejudice. Alexander v. Moye, 38 Miss. 640.

And so where it was adjudged that the complainant had not framed his bill properly, in order to overturn a defense set up in the answer, it was ordered to be dismissed without prejudice. Carnes v. Hubbard, 2 S. & M. 108.

In a case where a bill was brought to remove clouds, by a purchaser at a sheriff's sale, who bought under a judgment junior to the one under which the defendant bought, the principal question being whether the senior judgment was satisfied at the time of the sale under it, the court reached the conclusion that the senior judgment was not satisfied at that time; yet, inasmuch as the facts were complicated, and the record not as perspicuous as it might have been, the bill was dismissed without prejudice to the *legal* rights of the complainant. Banks v. Evans, 10 S. & M. 35.

And so where a bill was filed to set aside a sheriff's sale, upon the ground that it was fraudulent as to creditors, and the proof, though calculated to excite suspicion, fell short of establishing the fraud; the court dismissed the bill without prejudice to the complainant's rights at law, saying that a jury

described in the bill, situated in Clay county, with John O'Connor as trustee; that said O'Connor was a citizen of Clay county, Mississippi, and Horace J. Perrin was a resident of the State of Michigan; that the said James M. Prewett, combining and confederating with A. B. Connel, a citizen of Clay county, to cheat, defraud and rob the said Horace J. Perrin, allowed the taxes on said land for the year 1878 to remain unpaid so that it might be sold for taxes and purchased at a nominal price by said Connel, for and on account of said James M. Prewett, and his wife, Sarah A. Prewett; that in pursuance of said conspiracy the taxes were not paid and the land was sold on the 6th of March, 1879, for the taxes of 1878, and was purchased by said A. B. Connel for $39.47; that said James M. Prewett failed to notify the said O'Connor that the taxes had not been paid and in order to lull

might find differently, and that the question of fraud could be better investigated before them. Foster v. Pugh, 12 S. & M. 416.

Where the complainant fails to take any proof to sustain his cause, the bill was dismissed without prejudice, upon the ground that there had been no trial on the merits. Wellons v. Newell, 7 S. & M.

The effect of a decree by the chancellor, dismissing a bill without prejudice, is that such dismissal shall not operate to bar a new suit, which the complainant might thereafter bring on the same cause of action. It does not deprive the defendant of any defense he may be entitled to make to the new suit, or confer any new right or advantage on the complainant. And hence it will not have the effect of excepting from the period prescribed by the statute of limitations, the time during which the first suit was pending. Nevitt v. Bacon, 32 Miss. 212.

Where there are several defendants denying complainant's right to relief, and, after expiration of the time for taking testimony, the cause is set down, and a decree on its merits is made as to some of the defendants, no right to any relief whatever being shown, though the decree contains no express adjudication releasing them, it is error at a subsequent term, before entering a final decree, to allow complainant to dismiss the bill as to them without prejudice of the right to sue again. The cause having reached such a stage, it is too late to dismiss the bill as of course. State v. Hemingway, 69 Miss. 491; 10 So. 575.

If the validity of a judgment sought to be enjoined is doubtful, the dismissal of the bill for want of title in complainant should be without prejudice. Duncan v. Robertson, 57 Miss. 820.

Where, in an action to cancel a tax title, on the ground that it had been fraudulently procured, one of the defendants filed a cross-bill, and the complaint was dismissed without prejudice, the cross-bill should have also been dismissed without prejudice. Blewett v. Blewett, 12 So. 249.

any suspicion of wrong said Prewett paid the interest due on the note several months after the land had been sold for taxes and that the time for redemption having expired the said A. B. Connel instituted an action of ejectment against said Prewett and had obtained a judgment by default against him; that he did not plead or give notice to said O'Conner of the suit and that said Connel had himself put in possession of the land at the very earliest moment possible after the said judgment; that after discovering this fraud and the sale for taxes and the judgment in the ejectment suit and after Prewett had defaulted in the payments due the said O'Conner, trustee advertised the land as required by the terms of the trust deed and sold it and complainant purchased at that sale; that defendant Connel was claiming title to the land under the sale for taxes made in March, 1879; that the said tax deed was null and void. The prayer was for cancellation of the tax deed as null and void and casting a cloud on complainant's title and that the judgment in the ejectment suit be set aside as null and void. The defendants answered, denying the material allegations of the bill. The cause was heard on the pleadings and proof taken. From a decree, dismissing his bill, complainant appeals.

APPEALED from Chancery Court, Clay county, FRANK A. CRITZ, Chancellor.

Reversed, February 5, 1883.

*Attorney for appellant, Reuben Davis.*

*Attorney for appellee, Fred Beall.*

Brief of Reuben Davis is not found in the record.

Brief of Fred Beall:

The bill was filed in the court below to remove clouds from complainant's title. The amended bill shows that the legal title to the land was, and still is, in F. S. White, if not in appellee, A. B. Connel.

If the legal title was not in Perrin he could not maintain his bill. Perrin introduced no proof at all to show that the Prewetts

had a good and sufficient title to the land. He did not show him-self the real owner thereof. This he was compelled to do in order to maintain his bill.

Connel derived his title, not from Prewetts, but from the State; there was, therefore, no common source of title, and it de-volved on Perrin to show that he had a title to the land good against the world. This he did not do, nor attempt to do.

The original bill averred the land to be the property of Mrs. Prewett and that she joined in the making of the notes to Perrin, and deed in trust to O'Conner, simply as the surety of her husband, J. M. Prewett. She admitted that in her answer to the original bill and averred it to be a fact in her answer to the amended bill, and the deeds exhibited prove that fact, except as to eighty acres, the homestead. That is, that Mrs. Prewett was the owner of all the land except eighty acres. The trust deed and the notes were all executed prior to Code of 1880. It was not, therefore, com-petent for Mrs. Prewett to convey the fee to her land to O'Conner for the purpose of securing the debt of her husband.

The burden of proof was all the time on the complainant and it does not appear that he was ever able to transfer the burden.

The tax deed to Connel *prima facie* conveyed the whole title to Connel against the world. He relies alone on this title and it is a sufficient defense until broken down by the complainant. The attack made upon the tax deed in the amended bill is as follows: "That no lawful assessment of the land and property of Clay county, Mississippi, *was made and returned* to the board of super-visors of Clay county, and approved by the board and delivered to the sheriff of said county of Clay. Nor was a list of the land sold on the said 6th day of March, 1879, returned to the clerk of the said county, nor were the lands sold, sold in the smallest sub-divisions as required by law, but on the contrary thereof, sold in entire tract and without regard to sub-divisions."

Upon an examination of the record, the above will be found to be the full charge in the bill. Then by reference to the proof submitted by complainant, it will be readily seen that he did not prove a single allegation—not one. The proof submitted by him, and by counsel, taken together, fully and entirely vindicate Connel's tax title.

The Act of 1875, pp. 50-51, amends sections 1684 and 1685 of

the Code of 1871, in relation to the return of the assessment rolls. The rolls are to be returned to the clerk, not *filed* as is asserted, but simply returned, and before the 1st day of June, 1875. The land roll was certified to before the clerk, May 31, 1875, at which time it was evidently returned to the clerk.

The board of supervisors held the meeting required by law to be held the 1st Monday in July to hear objections and equalize assessments, receive and correct the rolls. The order says the assessment roll was "received and adopted."

The sale was made on the first Monday in March, pursuant to Acts 1875, p. 124, whereby the time of sale was extended. The list of lands sold was promptly reported by the sheriff to the clerk, and by him recorded.

The tax deed and certificate thereto show a literal compliance with the law. A demand was made on the person to whom the land was assessed by the sheriff for the taxes due.

March 14, 1879, the clerk made the proper certificate to the deed that he had examined the assessment rolls and the list of lands advertised and found this land advertised. That they were assessed in 1875.

The land rolls show the lands were all assessed to S. A. Prewett. Every requirement of the law seems to have been most strictly complied with and the sale appears to have been entirely regular. One thing is sure, there is no such defect in the record that the sale can be declared void.

In reference to the time when the board received and adopted the assessment rolls of 1875—the board meet on the first Monday of July, and after correcting and equalizing the books and taxes, they received and adopted the rolls as corrected on Thursday the fourth day. Of course they could not adopt the rolls until corrected.

I do not deem it necessary to say more. The legal questions are few and simple and need no authorities to make clear the questions involved in this case.

OPINION.—*Per curiam:*

Complainant has not sufficiently met by his proof the obligation of affirmatively establishing the charges of his bill, but the admitted facts of the transaction are so strongly suggestive of col-

lusion that we are indisposed to definitely conclude him. It may be that in another suit there may be further developments of fact.

*We reverse the decree,* dismissing the bill for the purpose only of entering here a decree of dismissal without prejudice to complainant's rights at law, if hereafter he shall be advised to proceed at law.